IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT J. BARRON,

    Plaintiff,                  No. 2:12-cv-1986 WBS EFB P

    vs.

SOLANO COUNTY SHERIFF, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

                          /

        Plaintiff is a former county inmate proceeding pro se with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed a second amended complaint.

        Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

////

1  The second amended complaint alleges the following:

2  Statement of Claim: Solano County Sheriff et al. has been noncompliant with federal regulations and my prisoner rights to be safe from harm and excessive force and handcuffs.  There was been two inmate deaths [sic] in the Jail within One year.  Excessive force was [used] on May 12, 2012 with cuff on a Rio-Hospital to North Bay hospital in Fairfield, California[.  Furthermore,] on August 20, 2012 my right[ ] to access the courts with pro per box were removed by excessive force and cuffs by [Tomasik, Amiccecci, and Brunke] by not giving me a faire [sic] hearing on 8-23-2012 in line with R. Price, Y. Read, A. Amiccecci, A. Espenoza, A. Brown . . . as of all that I could see F. Fisher, S. Snyder, F. Fure, R. Herndon, D. Enrezance, R. Kassis, violated safety codes and prisoner rights in some way [or] role in Solano County Jail Co.

8  Relief: [An] injunction on the evidence that within the last 12 months there has been two deaths in Solano County Jail.  Compensation for excessive force and handcuffs and inmate treatment.

10 Request: Rio-Report to North bay Hospital from Solano County Jail to North Bay Hospital back to Solano County Jail to North Bay Hospital back to Solano County Jail Co.

12 * * *

13 Request: 1 $2,000 dollar Attorney processing commencement of eminent domain proceeding upon deposit in Court and prompt release to and of money determined by the Court . . . .

15 Dckt. No. 18 at 1-2.

16 In its initial screening order, the court informed plaintiff that in order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  The court determined that plaintiff's allegations were too vague and conclusory to state a cognizable claim for relief and dismissed the complaint pursuant to § 1915A.  Dckt. No. 16.

24 The court granted plaintiff leave to file an amended complaint if he could allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

(district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). The court informed plaintiff that an amended complaint must contain a caption including the names of all defendants, and that it must include a short and plain statement of his claim showing that he is entitled to relief. Finally, the court explained that an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

Like the earlier complaint, the second amended complaint is too vague and conclusory to state a cognizable claim for relief and includes only "labels and conclusions" without supporting factual allegations. Despite the court's instructions, plaintiff does not identify any defendants or any claims for relief and his requests for relief are incomprehensible. Although the allegations reference "excessive force," "access to courts," and denial of a "fair hearing" plaintiff has failed to allege any facts that would support any related claims for relief. As plaintiff is aware, in order to state a claim under § 1983, he plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The second amended complaint does not allege any facts suggesting a violation of plaintiff's constitutional or statutory rights or any facts suggesting improper conduct by a person or persons acting under color of state law.

The second amended complaint does not provide fair notice of what plaintiff's claim is or the grounds upon which it rests. The second amended complaint does not correct the defects identified in the court's initial screening order and must be dismissed for failure to state a claim. Despite notice of the deficiencies and an opportunity to amend, plaintiff appears to be unable to state a cognizable claim for relief and further leave to amend would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's second amended complaint be dismissed for failure to state a claim and that the Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 9, 2012.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE